# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| LONELLE PENNINGTON, | Case No: 1:17-cv-264 |
| Plaintiff, | Black, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff's motion for attorney's fees has been referred to the undersigned for initial review. I recommend that the unopposed motion be GRANTED, but write further to provide guidance in future cases.

**I.     Background**

The above-captioned case represents Plaintiff Lonelle Pennington's second judicial appeal to challenge the Defendant's denial of application for Supplemental Security Income payments under Title XVI of the Social Security Act. Plaintiff filed her first appeal in this Court in 2013, docketed as Case No. 1:13-cv-591. In 2014, this Court reversed the non-disability finding and remanded for further development of the record. Plaintiff sought and was granted an award of attorney's fees, to be paid by the Commissioner under the Equal Access to Justice Act ("EAJA"), in Case No. 1:13-cv-59.

Following remand, the ALJ issued a second adverse decision. After the Commissioner declined additional review, Plaintiff initiated this second lawsuit, again seeking judicial relief from the adverse decision. In September 2018, the Court reversed and remanded for an immediate award of SSI benefits. (Docs. 18, 21). On February 21,

2019, the Court granted Plaintiff's motion for EAJA fees in the above-captioned case, since Plaintiff was again a prevailing party. (Docs. 23, 25).

On July 3, 2019, Plaintiff's counsel filed a second motion for fees in this case, seeking an additional award under the provisions of the Social Security Act, 42 U.S.C. §406(b). On July 11, 2019, the Commissioner filed a one-sentence response that states that the Commissioner does not object to the counsel's motion.

II.     Analysis

While the undersigned appreciates the Commissioner's lack of objection, the Commissioner has no financial interest in whether or not a motion for § 406(b) fees is granted. Unlike EAJA fee awards that are paid by the Commissioner, the current motion seeks fees that will be paid directly by the Plaintiff from her past-due benefits award. Courts therefore have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)).

Here, Plaintiff's counsel successfully pursued and won for his client a large award of past-due SSI benefits under Title XVI. However, counsel did not pursue an award of past-due DIB benefits under Title II. Because Plaintiff was not awarded DIB benefits, this Court may not award attorney's fees under 42 U.S.C. § 406(b). The referenced statutory provision "covers only attorneys whose clients bring successful claims under Title II of the Social Security Act." *Napier v. Commissioner,* 190 Fed. Appx. 458, 459-60 (6th Cir.2006); *see also generally Bowen v. Galbreath*, 108 S. Ct. 892 (1988) (citing 42 U.S.C. § 406(b)); *McCarthy v. Sec'y of Health and Human Servs.*, 793 F.2d 741 (6th Cir.

2

1986).

The fact that no award may be made under 42 U.S.C. § 406(b) does not mean that Plaintiff's counsel must go uncompensated. Rather, Congress has provided for compensation through a parallel statute applicable to Title XVI. *See* 42 U.S.C. §1383(d)(2). In the interests of justice, the undersigned construes counsel's motion under §1383(d). Because §1383(d) contains nearly identical language and is intended to produce the same result,[1] the same case law and analysis applies to a motion filed under that statute.

In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee is "reasonable" under §406(b). The provision for an attorney fee award to be paid under §1383(d) requires the same "reasonableness" determination, with all awards subject to the same 25% statutory cap. The relevant guideposts to determine reasonableness include: (1) the *Hayes* test;[2] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors. Based upon the time period that elapsed between Plaintiff's first appeal in this Court and the ultimate grant of benefits, Plaintiff's past-due benefits award had grown to the sum of $60,573.92 at the time the final award was determined. Calculating the statutory cap of 25% of that past-due benefits award yields a maximum possible fee of $15,143.48.

---

[1] 42 U.S.C. § 1383(d)(2)(A)(iv) expressly incorporates the language of § 406(b)(1)(A), but alters that language slightly to state that the Commissioner may "pay the amount of such fee to such attorney out of, and not in addition to, the amount of such past-due benefits" in place of the phrase in § 406(b)(1)(A) that states that the Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." Similar small alterations in the statutory language appear throughout §1383(d) but result in no substantive alteration relevant to this case.
[2] *See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).

The instant case is somewhat unique insofar as counsel seeks compensation not only for the time expended on the above-captioned case, but also for time spent obtaining remand in the first case that he filed on Plaintiff's behalf. Plaintiff's counsel has attached as exhibits to the motion a contingency fee agreement that authorizes a 25% fee of past-due benefits in the instant case, a Notice of Award bearing the date of April 22, 2019,[3] and counsel's time records for both cases. (*See* Doc. 30 at 7-10). In order to avoid a duplicate recovery for hours previously compensated through the EAJA awards, counsel explains that he is requesting only $9,328.48 as an additional fee, rather than the full $15,143.48. *See Jankovich v. Sec'y*, 868 F.2d 867, 871 n.1 (6th Cir. 1989) (holding that remittance of the EAJA award for the duplicate work in federal court is required under §406(b)). Thus, counsel seeks the net sum of $9,328.48, calculated by subtracting the total sum of the two previous EAJA fee awards ($5,815.00) from the maximum fee authorized by statute.[4] (Doc. 30 at 5-6).

Based upon the April 28, 2014 date, the contingency fee agreement attached to the motion appears to cover only the current federal case. However, the Court will assume, for purposes of the pending motion, that Plaintiff executed a similar agreement in Case No. 1:13-cv-591. The referenced Agreement states that counsel is entitled to "a fee equal to 25% of the past due benefits" for "all services through the initial hearing(s) and one appeal to the Appeals Council." (Doc. 30 at 9). The Agreement further provides

---

[3] Motions for attorney's fees under the Social Security Act must be filed in a timely manner. For §406(b) motions, that means within forty-five days of the Notice of Award. *See* LR 54.2(b). Here, counsel sought and was granted multiple extensions of time to file his motion for good cause shown. *Contrast Hancock v. Com'r*, Case No. 1:15-cv-198 (Doc. 27, R&R at 4, reducing fee based on untimely motion, adopted at Doc. 28, on 10/17/18); *Hayes v. Com'r of Soc. Sec.*, 895 F.3d 449 (6th Cir. 2018) (affirming denial of § 406(b) motion filed outside of limitations period of local rule, where no equitable factors justified tolling).

[4] Applying an offset rather than requiring a refund to the Plaintiff of a prior EAJA fee award serves the dual purpose of balancing the purpose of the EAJA and preserving benefits awarded under the Social Security Act.

that fees for work beyond that scope of work "will still be 25% of the past due benefits resulting from all claims…." (*Id.*)  Thus, the parties' fee Agreement authorizes a fee equal to the statutory maximum fee award.

Having determined that the motion for fees was timely filed and that counsel does not seek in excess of the statutory maximum under § 1383(d), the undersigned reviews whether the proposed award is "reasonable" under the *Ringel* guideposts.  The first step involves calculating a hypothetical hourly fee.  If limited to work performed in the instant case, the total amount of proposed fees ($15,143.48) divided by the number of hours expended (16) would yield a hypothetical hourly fee of $946.47.  However, counsel seeks to include the additional 14.33 hours expended in Case No. 1:13-cv-591.  The inclusion of the prior hours increases the total number of hours to 30.33, and correspondingly decreases the hypothetical hourly rate to $499.30.

Although Plaintiff has not cited any case law, the undersigned agrees that combining <u>all</u> hours spent in this Court, including those hours spent by the same counsel in obtaining remand in the prior case, is appropriate.  The express language of 42 U.S.C. § 1383(d) is broad enough to encompass an award for all hours spent in this Court in pursuit of a past-due benefits award, and other courts have made similar awards that include time spent in multiple district court cases filed by the same counsel.  *See, e.g., Martin v. Sec'y of Health, Ed. and Welfare*, 492 F. Supp. 459 (D. Wy. 1980) (granting 25% award after noting case involved second judicial appeal).  Although the $499.48 hypothetical hourly award still exceeds the *Hayes* threshold, review of additional factors satisfies this Court that the total requested amount remains "reasonable" under the unique circumstances presented.

### III. Conclusion and Recommendations

Plaintiff's motion should be construed as arising under 42 U.S.C. §1383(d), and should be granted in full because the requested fee is within the 25% statutory cap on fee awards for work performed in federal court, and is otherwise reasonable. *See also generally Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that 25% statutory cap "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b).").

Accordingly, **IT IS RECOMMENDED THAT**:

Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 30) should be **GRANTED in full**. Counsel should be awarded a net fee of **$9,328.48** under 42 U.S.C. §1383(d), which sum represents 25% of the past-due SSI award less a total offset of the two prior EAJA awards.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LONELLE PENNINGTON,                                  Case No: 1:17-cv-264

        Plaintiff,                                           Black, J.
v.                                                                 Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).